

# FOREST SERVICE HANDBOOK
# NATIONAL HEADQUARTERS (WO)
# WASHINGTON, DC

## FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK

## CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION

**Amendment No.:** 1909.15-2004-3

**Effective Date:** July 6, 2004

**Duration:** This amendment is effective until superseded or removed.

**Approved:** TOM L. THOMPSON
Deputy Chief for National Forest System

**Date Approved:** 06/29/2004

**Posting Instructions:** Amendments are numbered consecutively by Handbook number and calendar year. Post by document; remove the entire document and replace it with this amendment. Retain this transmittal as the first page(s) of this document. The last amendment to this Handbook was 1909.15-2004-2 to 1909.15_10.

| New Document | 1909.15_30 | 18 Pages |
|---|---|---|
| Superseded Document(s) by Issuance Number and Effective Date | !1909.15,30 Contents (Amendment 1909.15-92-1, 09/21/1992) | 1 Page |
| | 1909.15,30 (Amendment 1909.15-92-1, 09/21/1992) | 10 Pages |
| | id_1909.15-2003-1, 06/05/2003 | 2 Pages |
| | id_1909.15-2003-2, 07/29/2003 | 2 Pages |
| | id_1909.15-2003-3, 09/01/2003 | 2 Pages |
| | id_1909.15-2004-1, 02/24/2004 | 4 Pages |
| | id_1909.15-2004-2, 04/27/2004 | 4 Pages |

**Digest:**

<u>30</u> - Incorporates direction previously issued in interim directive (ID) 1909.15-2004-1, which reissued without change the direction formerly in superseded ID 1909.15-2002-2; notice of the issuance of ID 1909.15-2002-2 was published in the Federal Register on August 23, 2002 (67 FR 54622). Notice of issuance of this amendment and response to public comment on ID 1909.15-2002-2 was published in the Federal Register on July 6, 2004 (69 FR 40591). Revises chapter and makes minor editorial changes. Specific changes are as follows:

EXHIBIT 6
Page 1 of 18

Case 3:06-cv-00068-JWS   Document 27-8   Filed 05/17/2006   Page 2 of 18

WO AMENDMENT 1909.15-2004-3
EFFECTIVE DATE: 07/06/2004
DURATION: This amendment is effective until superseded or removed.

1909.15_30
Page 2 of 18

**FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK**
**CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION**

**Digest--Continued:**

30.3 - Paragraph 1. Revises policy in paragraph 1 by providing that a proposed action may be categorically excluded only when there are no extraordinary circumstances related to the proposed action and when the proposed action is within one of the categories listed in Title 7, Code of Federal Regulations, Part 1b, or one of the categories listed in section 31.12 or 31.2 of this Handbook.

Paragraph 2. Revises policy in paragraph 2 by listing resource conditions that should be considered in determining whether an extraordinary circumstance exists and provides that the mere presence of one or more of these conditions does not preclude the use of a categorical exclusion.

Paragraph 3. Revises policy in paragraph 3 by directing the responsible official to prepare an environmental assessment (EA) when the official is uncertain if the proposed action may have a significant effect on the environment.

Paragraph 4. Removes the direction previously set out in paragraph 4 (which repeated direction in section 18 of this Handbook) and adds a cross-reference to section 18 for direction related to correction, supplementation, or revision of environmental documents and reconsideration of decisions to take action.

30.5 - Removes the definition of "extraordinary circumstances." The decision to remove this definition was published in the Federal Register on August 23, 2002 (67 FR 54626).

31.1 - Corrects the cross-references to sections 31.11 and 31.2 (formerly coded incorrectly at sections 31.1a and 31.1b).

31.1a - Revises this incorrect code and recodes to section 31.11 the direction formerly at section 31.1a regarding categories established by the Secretary.

31.1b - Revises this incorrect code and recodes to section 31.12 the direction formerly at section 31.1b regarding categories established by the Chief.

31.1 - Recodes without change to section 31.11 the direction regarding categories of actions established by the Secretary previously miscoded at section 31.1a.

31.12 - Adds a categorical exclusion at paragraph 9 for use when issuance of a ski area permit is a purely ministerial action and no changes are proposed in permitted activities or facilities.

EXHIBIT 6
Page 2 of 18

Case 3:06-cv-00068-JWS   Document 27-8   Filed 05/17/2006   Page 3 of 18

WO AMENDMENT 1909.15-2004-3
EFFECTIVE DATE: 07/06/2004
DURATION: This amendment is effective until superseded or removed.

1909.15_30
Page 3 of 18

**FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK**
**CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION**

## Digest--Continued:

This direction is incorporated without change from interim direction previously issued in ID 1909.15-2004-2 and ID 1909.15-2002-3 (which in turn revised and reissued direction previously issued in ID 1909.15-2000-1 and ID 1909.15-98-1). These IDs issued direction for implementing a provision of the Omnibus Parks and Public Lands Management Act of 1996 (16 U.S.C. 497b), which states that reissuance of a ski area permit for activities similar in nature and amount to the activities authorized under the previous permit, shall not constitute a major Federal action for the purposes of the National Environmental Policy Act (NEPA).

The proposed ID was published for notice and comment in the Federal Register on October 27, 1997 (62 FR 55571). Notice of the issuance of ID 1909.15-98-1 and response to the public comment was published on September 9, 1998 (63 FR 48170); and notice of the issuance of ID 1909.15-2000-1 was published on March 22, 2000 (65 FR 15303).

   Paragraph 10. Adds a new categorical exclusion at paragraph 10 for the amendment to or replacement of an existing special use authorization that involves only administrative changes and does not involve changes in the authorized facilities or increases in the scope or intensity of authorized activities, or extensions to the term of authorization, when the applicant or holder is in full compliance with the terms and conditions of the special use authorization. The categorical exclusion was originally proposed as two categorical exclusions and published for notice and comment in the Federal Register on September 20, 2001 (66 FR 48412).

31.2 - Revises direction in the following paragraphs of this section regarding categories of actions for which a project or case file and decision memo are required in order to incorporate without substantive change the direction related to categorical exclusions previously issued in IDs and previously published in the Federal Register for notice and comment:

   Paragraph 4. Removes the direction that previously provided a categorical exclusion for small timber sales and reserves this paragraph in order to retain the paragraph numbering in the rest of the section. This change in direction was previously issued in ID 1909.15-2003-3 and ID 1909.15-2002-1 to comply with a court-ordered injunction (Heartwood v. USFS, No. 98-CV-4289-JPG (S.D. Ill.)) prohibiting the use of the categorical exclusion formerly set out in paragraph 4 for small timber sales for 250,000 board feet or less of merchantable wood products or 1 million board feet of salvage.

   Paragraphs 10 and 11. Adds categorical exclusions for hazardous fuels reduction activities (paragraph 10) and post-fire rehabilitation activities (paragraph 11). This direction was previously issued in ID 1909.15-2003-1, and the categorical exclusions in the ID were published as proposals for notice and comment in the Federal Register on December 16, 2002 (67 FR 77038). Notice of the issuance of this ID and the response to public comment was published in the Federal Register on June 5, 2003 (68 FR 33814). These Federal Register notices were published jointly with the Department of the Interior, which has issued the same categorical exclusions to Department of the Interior Manual 516 DM, Chapter 2, Appendix 1.

EXHIBIT 6
Page 3 of 18

Case 3:06-cv-00068-JWS   Document 27-8   Filed 05/17/2006   Page 4 of 18

WO AMENDMENT 1909.15-2004-3
EFFECTIVE DATE: 07/06/2004
DURATION: This amendment is effective until superseded or removed.

1909.15_30
Page 4 of 18

**FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK**
**CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION**

## Digest--Continued:

Paragraphs 12, 13, and 14. Adds categorical exclusions for limited timber harvest activities of live trees to maintain forest health and improve stand conditions (paragraph 12), salvage dead and dying trees (paragraph 13), and conduct sanitation harvests in response to ongoing insect and disease infestations (paragraph 14). This revision incorporates the direction previously issued in ID 1909.15-2003-2. The categorical exclusions set out in this ID were published as proposals for notice and comment in the Federal Register on January 8, 2003 (68 FR 1026).

Paragraph 15. Adds a new categorical exclusion at paragraph 15 for the issuance of a new special use authorization for a new term to replace an existing or expired special use authorization when the only changes are administrative, there are no changes to the authorized facilities or increases in the scope or intensity of authorized activities, and the applicant or holder is in full compliance with the terms and conditions of the special use authorization. The categorical exclusion was published as a proposal for notice and comment in the Federal Register on September 20, 2001 (66 FR 48412).

32.3 - Reorganizes and adds a clarifying statement at paragraph 2b, to make it clear that the rationale for using a specific categorical exclusion is to be included in the content of a decision memo.

33 - Removes direction previously set out at paragraph 2, which contained an incorrect cross-reference to requirements in obsolete appeal regulations. Renumbers as paragraphs 2 through 4 the paragraphs formerly numbered 3 through 5.

EXHIBIT 6
Page 4 of 18

Case 3:06-cv-00068-JWS    Document 27-8    Filed 05/17/2006    Page 5 of 18

| WO AMENDMENT 1909.15-2004-3 | 1909.15_30 |
|---|---|
| EFFECTIVE DATE: 07/06/2004 | Page 5 of 18 |
| DURATION: This amendment is effective until superseded or removed. | |

**FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK**
**CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION**

## Table of Contents

30.3 - Policy ........................................................................................................................ 6
30.5 - Definitions ................................................................................................................ 7
**31 - CATEGORIES OF ACTIONS EXCLUDED FROM DOCUMENTATION .................. 7**
   31.1 - Categories for Which a Project or Case File and Decision Memo Are Not Required ..... 7
      31.11 - Categories Established by the Secretary .............................................................. 7
      31.12 - Categories Established by the Chief ..................................................................... 8
   31.2 - Categories of Actions for Which a Project or Case File and Decision Memo Are
         Required .............................................................................................................. 11
**32 - DOCUMENTATION OF DECISIONS ........................................................................ 16**
   32.1 - Decision Memo Not Required .............................................................................. 16
   32.2 - Decision Memo Required ..................................................................................... 16
   32.3 - Format and Content of a Decision Memo ........................................................... 16
**33 - NOTICE AND DISTRIBUTION OF DECISION MEMO ............................................ 17**

EXHIBIT 6
PAGE 5 of 18

Case 3:06-cv-00068-JWS   Document 27-8   Filed 05/17/2006   Page 6 of 18

WO AMENDMENT 1909.15-2004-3
EFFECTIVE DATE: 07/06/2004
DURATION: This amendment is effective until superseded or removed.

1909.15_30
Page 6 of 18

**FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK**
**CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION**

For ease of reference, Council on Environmental Quality regulations for implementing requirements of the National Environmental Policy Act (NEPA) are set out in boldface type and block-indented.

## 30.3 - Policy

1. A proposed action may be categorically excluded from further analysis and documentation in an environmental impact statement (EIS) or environmental assessment (EA) only if there are no extraordinary circumstances related to the proposed action and if:

    a. The proposed action is within one of the categories in the Department of Agriculture (USDA) NEPA policies and procedures in Title 7, Code of Federal Regulations, part 1b (7 CFR part 1b), or

    b. The proposed action is within a category listed in section 31.12 or 31.2 of this Handbook.

2. Resource conditions that should be considered in determining whether extraordinary circumstances related to the proposed action warrant further analysis and documentation in an EA or an EIS are:

    a. Federally listed threatened or endangered species or designated critical habitat, species proposed for Federal listing or proposed critical habitat, or Forest Service sensitive species.

    b. Flood plains, wetlands, or municipal watersheds.

    c. Congressionally designated areas, such as wilderness, wilderness study areas, or national recreation areas.

    d. Inventoried roadless areas.

    e. Research natural areas.

    f. American Indians and Alaska Native religious or cultural sites.

    g. Archaeological sites, or historic properties or areas.

The mere presence of one or more of these resource conditions does not preclude use of a categorical exclusion. It is the degree of the potential effect of a proposed action on these resource conditions that determines whether extraordinary circumstances exist.

EXHIBIT 6
Page 6 of 18

Case 3:06-cv-00068-JWS   Document 27-8   Filed 05/17/2006   Page 7 of 18

WO AMENDMENT 1909.15-2004-3
EFFECTIVE DATE: 07/06/2004
DURATION: This amendment is effective until superseded or removed.

1909.15_30
Page 7 of 18

**FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK
CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION**

3. Scoping is required on all proposed actions, including those that would appear to be categorically excluded. If the responsible official determines, based on scoping, that it is uncertain whether the proposed action may have a significant effect on the environment, prepare an EA (ch. 40). If the responsible official determines, based on scoping, that the proposed action may have a significant environmental effect, prepare an EIS (ch. 20).

4. Section 18 of this Handbook contains related direction regarding correction, supplementation, or revision of environmental documents and reconsideration of decisions to take action.

## 30.5 - Definitions

For definitions of terms, see section 05 of this Handbook.

## 31 - CATEGORIES OF ACTIONS EXCLUDED FROM DOCUMENTATION

### 31.1 - Categories for Which a Project or Case File and Decision Memo Are Not Required

At the discretion of the responsible official, a project or case file and a decision memo are not required but may be prepared for the categories of actions set forth in sections 31.11 and 31.12.

### 31.11 - Categories Established by the Secretary

The rules at 7 CFR 1b.3 exclude from documentation in an environmental impact statement (EIS) or an environmental assessment (EA) the following categories:

> (a) . . .
> **(1) Policy development, planning and implementation which relate to routine activities, such as personnel, organizational changes, or similar administrative functions;
> (2) Activities which deal solely with the funding of programs, such as program budget proposals, disbursements, and transfer or reprogramming of funds;
> (3) Inventories, research activities, and studies, such as resource inventories and routine data collection when such actions are clearly limited in context and intensity;
> (4) Educational and informational programs and activities;
> (5) Civil and criminal law enforcement and investigative activities;**

EXHIBIT 6
Page 7 of 18

Case 3:06-cv-00068-JWS  Document 27-8  Filed 05/17/2006  Page 8 of 18

WO AMENDMENT 1909.15-2004-3
EFFECTIVE DATE: 07/06/2004
DURATION: This amendment is effective until superseded or removed.

1909.15_30
Page 8 of 18

FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK
CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION

**(6) Activities which are advisory and consultative to other agencies and public and private entities, such as legal counseling and representation;**

**(7) Activities related to trade representation and market development activities abroad. (7 CFR 1b.3)**

## 31.12 - Categories Established by the Chief

The following categories of routine administrative, maintenance, and other actions normally do not individually or cumulatively have a significant effect on the quality of the human environment (sec. 05) and, therefore, may be categorically excluded from documentation in an EIS or an EA unless scoping indicates extraordinary circumstances (sec. 30.3) exist:

   1. <u>Orders issued pursuant to 36 CFR Part 261 - Prohibitions to provide short-term resource protection or to protect public health and safety</u>.  Examples include but are not limited to:

      a. Closing a road to protect bighorn sheep during lambing season.

      b. Closing an area during a period of extreme fire danger.

   2. <u>Rules, regulations, or policies to establish Service-wide administrative procedures, program processes, or instructions</u>.  Examples include but are not limited to:

      a. Adjusting special use or recreation fees using an existing formula.

      b. Proposing a technical or scientific methodology or procedure for screening effects of emissions on air quality related values in Class I wildernesses.

      c. Proposing a policy to defer payments on certain permits or contracts to reduce the risk of default.

      d. Proposing changes in contract terms and conditions or terms and conditions of special use authorizations.

      e. Establishing a Service-wide process for responding to offers to exchange land and for agreeing on land values.

      f. Establishing procedures for amending or revising Forest Land and Resource Management Plans.

EXHIBIT 6
Page 8 of 18

Case 3:06-cv-00068-JWS   Document 27-8   Filed 05/17/2006   Page 9 of 18

WO AMENDMENT 1909.15-2004-3
EFFECTIVE DATE: 07/06/2004
DURATION: This amendment is effective until superseded or removed.

1909.15_30
Page 9 of 18

**FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK**
**CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION**

3. <u>Repair and maintenance of administrative sites</u>. Examples include but are not limited to:

   a. Mowing lawns at a District office.

   b. Replacing a roof or storage shed.

   c. Painting a building.

   d. Applying registered pesticides for rodent or vegetation control.

4. <u>Repair and maintenance of roads, trails, and landline boundaries</u>. Examples include but are not limited to:

   a. Authorizing a user to grade, resurface, and clean the culverts of an established National Forest System road.

   b. Grading a road and clearing the roadside of brush without the use of herbicides.

   c. Resurfacing a road to its original condition.

   d. Pruning vegetation and cleaning culverts along a trail and grooming the surface of the trail.

   e. Surveying, painting, and posting landline boundaries.

5. <u>Repair and maintenance of recreation sites and facilities</u>. Examples include but are not limited to:

   a. Applying registered herbicides to control poison ivy on infested sites in a campground.

   b. Applying registered insecticides by compressed air sprayer to control insects at a recreation site complex.

   c. Repaving a parking lot.

   d. Applying registered pesticides for rodent or vegetation control.

EXHIBIT 6
Page 9 of 18

Case 3:06-cv-00068-JWS   Document 27-8   Filed 05/17/2006   Page 10 of 18

WO AMENDMENT 1909.15-2004-3
EFFECTIVE DATE: 07/06/2004
DURATION: This amendment is effective until superseded or removed.

1909.15_30
Page 10 of 18

**FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK**
**CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION**

6. <u>Acquisition of land or interest in land</u>. Examples include but are not limited to:

   a. Accepting the donation of lands or interests in land to the National Forest System.

   b. Purchasing fee, conservation easement, reserved interest deed, or other interests in lands.

7. <u>Sale or exchange of land or interest in land and resources where resulting land uses remain essentially the same</u>. Examples include but are not limited to:

   a. Selling or exchanging land pursuant to the Small Tracts Act.

   b. Exchanging National Forest System lands or interests with a State agency, local government, or other non-Federal party (individual or organization) with similar resource management objectives and practices.

   c. Authorizing the Bureau of Land Management to issue leases on producing wells when mineral rights revert to the United States from private ownership and there is no change in activity.

   d. Exchange of administrative sites involving other than National Forest System lands.

8. <u>Approval, modification, or continuation of minor, short-term (one year or less) special uses of National Forest System lands</u>. Examples include but are not limited to:

   a. Approving, on an annual basis, the intermittent use and occupancy by a State-licensed outfitter or guide.

   b. Approving the use of National Forest System land for apiaries.

   c. Approving the gathering of forest products for personal use.

9. <u>Issuance of a new permit for up to the maximum tenure allowable under the National Forest Ski Area Permit Act of 1986 (16 U.S.C. 497b) for an existing ski area when such issuance is a purely ministerial action to account for administrative changes, such as a change in ownership of ski area improvements, expiration of the current permit, or a change in the statutory authority applicable to the current permit</u>. Examples of actions in this category include, but are not limited to:

   a. Issuing a permit to a new owner of ski area improvements within an existing ski area with no changes to the Master Development Plan, including no changes to the facilities or activities for that ski area.

EXHIBIT 6
Page 10 of 18

Case 3:06-cv-00068-JWS   Document 27-8   Filed 05/17/2006   Page 11 of 18

WO AMENDMENT 1909.15-2004-3
EFFECTIVE DATE: 07/06/2004
DURATION: This amendment is effective until superseded or removed.

1909.15_30
Page 11 of 18

**FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK
CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION**

    b. Upon expiration of a ski area permit, issuing a new permit to the holder of the previous permit where the holder is not requesting any changes to the Master Development Plan, including changes to the facilities or activities.

    c. Issuing a new permit under the National Forest Ski Area Permit Act of 1986 to the holder of a permit issued under the Term Permit and Organic Acts, where there are no changes in the type or scope of activities authorized and no other changes in the Master Development Plan.

  10. <u>Amendment to or replacement of an existing special use authorization that involves only administrative changes and does not involve changes in the authorized facilities or increases in the scope or intensity of authorized activities, or extensions to the term of authorization, when the applicant or holder is in full compliance with the terms and conditions of the special use authorization</u>. Examples include but are not limited to:

    a. Amending a special use authorization to reflect administrative changes such as adjustment to the land use fees, inclusion of non-discretionary environmental standards or updating a special use authorization to bring it into conformance with current laws or regulations (for example, new monitoring required by water quality standards).

    b. Issuance of a new special use authorization to reflect administrative changes such as, a change of ownership or control of previously authorized facilities or activities, or conversion of the existing special use authorization to a new type of special use authorization (for example, converting a permit to a lease or easement).

## 31.2 - Categories of Actions for Which a Project or Case File and Decision Memo Are Required

Routine, proposed actions within any of the following categories may be excluded from documentation in an EIS or an EA; however, a project or case file is required and the decision to proceed must be documented in a decision memo (sec. 32). As a minimum, the project or case file should include any records prepared, such as: the names of interested and affected people, groups, and agencies contacted; the determination that no extraordinary circumstances exist; a copy of the decision memo (sec. 05); and a list of the people notified of the decision. Maintain a project or case file and prepare a decision memo for routine, proposed actions within any of the following categories:

  1. <u>Construction and reconstruction of trails</u>. Examples include but are not limited to:

    a. Constructing or reconstructing a trail to a scenic overlook.

    b. Reconstructing an existing trail to allow use by handicapped individuals.

EXHIBIT 6
Page 11 of 18

Case 3:06-cv-00068-JWS   Document 27-8   Filed 05/17/2006   Page 12 of 18

WO AMENDMENT 1909.15-2004-3
EFFECTIVE DATE: 07/06/2004
DURATION: This amendment is effective until superseded or removed.

1909.15_30
Page 12 of 18

**FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK**
**CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION**

2. Additional construction or reconstruction of existing telephone or utility lines in a designated corridor. Examples include but are not limited to:

   a. Replacing an underground cable trunk and adding additional phone lines.

   b. Reconstructing a power line by replacing poles and wires.

3. Approval, modification, or continuation of minor special uses of National Forest System lands that require less than five contiguous acres of land. Examples include but are not limited to:

   a. Approving the construction of a meteorological sampling site.

   b. Approving the use of land for a one-time group event.

   c. Approving the construction of temporary facilities for filming of staged or natural events or studies of natural or cultural history.

   d. Approving the use of land for a 40-foot utility corridor that crosses one mile of a National Forest.

   e. Approving the installation of a driveway, mailbox, or other facilities incidental to use of a residence.

   f. Approving an additional telecommunication use at a site already used for such purposes.

   g. Approving the removal of mineral materials from an existing community pit or common-use area.

   h. Approving the continued use of land where such use has not changed since authorized and no change in the physical environment or facilities are proposed.

4. Reserved.

5. Regeneration of an area to native tree species, including site preparation which does not involve the use of herbicides or result in vegetation type conversion. Examples include but are not limited to:

   a. Planting seedlings of superior trees in a progeny test site to evaluate genetic worth.

   b. Planting trees or mechanical seed dispersal of native tree species following a fire, flood, or landslide.

EXHIBIT 6
12  18

Case 3:06-cv-00068-JWS   Document 27-8   Filed 05/17/2006   Page 13 of 18

WO AMENDMENT 1909.15-2004-3
EFFECTIVE DATE: 07/06/2004
DURATION: This amendment is effective until superseded or removed.

1909.15_30
Page 13 of 18

**FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK**
**CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION**

6. <u>Timber stand and/or wildlife habitat improvement activities which do not include the use of herbicides or do not require more than one mile of low standard road construction (Service level D, FSH 7709.56)</u>.  Examples include but are not limited to:

   a. Girdling trees to create snags.

   b. Thinning or brush control to improve growth or to reduce fire hazard including the opening of an existing road to a dense timber stand.

   c. Prescribed burning to control understory hardwoods in stands of southern pine.

   d. Prescribed burning to reduce natural fuel build-up and improve plant vigor.

7. <u>Modification or maintenance of stream or lake aquatic habitat improvement structures using native materials or normal practices</u>.  Examples include but are not limited to:

   a. Reconstructing a gabion with stone from a nearby source.

   b. Adding brush to lake fish beds.

   c. Cleaning and resurfacing a fish ladder at a hydroelectric dam.

8. <u>Short-term (one year or less) mineral, energy, or geophysical investigations and their incidental support activities that may require cross-country travel by vehicles and equipment, construction of less than one mile of low standard road (Service Level D, FSH 7709.56), or use and minor repair of existing roads</u>.  Examples include but are not limited to:

   a. Authorizing geophysical investigations which use existing roads that may require incidental repair to reach sites for drilling core holes, temperature gradient holes, or seismic shot holes.

   b. Gathering geophysical data using shot hole, vibroseis, or surface charge methods.

   c. Trenching to obtain evidence of mineralization.

   d. Clearing vegetation for sight paths or from areas used for investigation or support facilities.

   e. Redesigning or rearranging surface facilities within an approved site.

   f. Approving interim and final site restoration measures.

   g. Approving a plan for exploration which authorizes repair of an existing road and the construction of one-third mile of temporary road; clearing vegetation from an acre of land for trenches, drill pads, or support facilities.

EXHIBIT 6
Page 13 of 18

Case 3:06-cv-00068-JWS    Document 27-8    Filed 05/17/2006    Page 14 of 18

WO AMENDMENT 1909.15-2004-3
EFFECTIVE DATE: 07/06/2004
DURATION: This amendment is effective until superseded or removed.

1909.15_30
Page 14 of 18

**FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK**
**CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION**

9. <u>Implementation or modification of minor management practices to improve allotment condition or animal distribution when an Allotment Management Plan is not yet in place.</u> Examples include but are not limited to:

    a. Rebuilding a fence to improve animal distribution.

    b. Adding a stock watering facility to an existing water line.

    c. Spot seeding native species of grass or applying lime to maintain forage condition.

10. <u>Hazardous fuels reduction activities using prescribed fire, not to exceed 4,500 acres, and mechanical methods for crushing, piling, thinning, pruning, cutting, chipping, mulching, and mowing, not to exceed 1,000 acres.</u> Such activities:

    a. Shall be limited to areas:

    (1) In the wildland-urban interface; or

    (2) Condition Classes 2 or 3 in Fire Regime Groups I, II, or III, outside the wildland-urban interface;

    b. Shall be identified through a collaborative framework as described in "A Collaborative Approach for Reducing Wildland Fire Risks to Communities and Environment 10-Year Comprehensive Strategy Implementation Plan";

    c. Shall be conducted consistent with agency and Departmental procedures and applicable land and resource management plans;

    d. Shall not be conducted in wilderness areas or impair the suitability of wilderness study areas for preservation as wilderness; and

    e. Shall not include the use of herbicides or pesticides or the construction of new permanent roads or other new permanent infrastructure; and may include the sale of vegetative material if the primary purpose of the activity is hazardous fuels reduction.

11. <u>Post-fire rehabilitation activities, not to exceed 4,200 acres (such as tree planting, fence replacement, habitat restoration, heritage site restoration, repair of roads and trails, and repair of damage to minor facilities such as campgrounds), to repair or improve lands unlikely to recover to a management approved condition from wildland fire damage, or to repair or replace minor facilities damaged by fire.</u> Such activities:

Case 3:06-cv-00068-JWS    Document 27-8    Filed 05/17/2006    Page 15 of 18

WO AMENDMENT 1909.15-2004-3
EFFECTIVE DATE: 07/06/2004
DURATION: This amendment is effective until superseded or removed.

1909.15_30
Page 15 of 18

**FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK
CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION**

    a. Shall be conducted consistent with agency and Departmental procedures and applicable land and resource management plans;

    b. Shall not include the use of herbicides or pesticides or the construction of new permanent roads or other new permanent infrastructure; and

    c. Shall be completed within three years following a wildland fire.

12. <u>Harvest of live trees not to exceed 70 acres, requiring no more than ½ mile of temporary road construction</u>. Do not use this category for even-aged regeneration harvest or vegetation type conversion. The proposed action may include incidental removal of trees for landings, skid trails, and road clearing. Examples include but are not limited to:

    a. Removal of individual trees for sawlogs, specialty products, or fuelwood.

    b. Commercial thinning of overstocked stands to achieve the desired stocking level to increase health and vigor.

13. <u>Salvage of dead and/or dying trees not to exceed 250 acres, requiring no more than ½ mile of temporary road construction</u>. The proposed action may include incidental removal of live or dead trees for landings, skid trails, and road clearing. Examples include but are not limited to:

    a. Harvest of a portion of a stand damaged by a wind or ice event and construction of a short temporary road to access the damaged trees.

    b. Harvest of fire-damaged trees.

14. <u>Commercial and non-commercial sanitation harvest of trees to control insects or disease not to exceed 250 acres, requiring no more than ½ mile of temporary road construction, including removal of infested/infected trees and adjacent live uninfested/uninfected trees as determined necessary to control the spread of insects or disease</u>. The proposed action may include incidental removal of live or dead trees for landings, skid trails, and road clearing. Examples include but are not limited to:

    a. Felling and harvest of trees infested with southern pine beetles and immediately adjacent uninfested trees to control expanding spot infestations.

    b. Removal and/or destruction of infested trees affected by a new exotic insect or disease, such as emerald ash borer, Asian long horned beetle, and sudden oak death pathogen.

EXHIBIT 6
Page 15 of 18

Case 3:06-cv-00068-JWS   Document 27-8   Filed 05/17/2006   Page 16 of 18

WO AMENDMENT 1909.15-2004-3
EFFECTIVE DATE: 07/06/2004
DURATION: This amendment is effective until superseded or removed.

1909.15_30
Page 16 of 18

FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK
CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION

15. <u>Issuance of a new special use authorization for a new term to replace an existing or expired special use authorization when the only changes are administrative, there are no changes to the authorized facilities or increases in the scope or intensity of authorized activities, and the applicant or holder is in full compliance with the terms and conditions of the special use authorization.</u>

## 32 - DOCUMENTATION OF DECISIONS

### 32.1 - Decision Memo Not Required

If a proposed action has been categorically excluded from documentation in an EIS or an EA under USDA categories (7 CFR 1b.3) or the categories listed in section 31.12, a Decision Memo is not required; however, interested and affected persons must be informed in an appropriate manner of the decision to proceed with the proposed action (sec. 11.7).

### 32.2 - Decision Memo Required

If the proposed action has been categorically excluded from documentation in an EIS or an EA under the categories listed in section 31.2, document the decision to proceed with the proposed action in a decision memo. Section 32.3 sets forth the format and content of a decision memo.

When the Chief or the Secretary of Agriculture is the responsible official, the appropriate field unit prepares the decision memo with assistance from the Washington Office Ecosystem Management Coordination Staff (sec. 10.42). The Ecosystem Management Coordination Staff Director coordinates the review and signing of the decision memo, involving the appropriate staff(s), Deputy Chief, Chief, or Secretary, as necessary. The signed original shall be filed in the Ecosystem Management Coordination Staff office files. The Ecosystem Management Coordination Staff Director shall forward a copy to the appropriate field unit or Washington Office staff for necessary distribution.

### 32.3 - Format and Content of a Decision Memo

The format of a decision memo is not intended to replicate the format of a correspondence memorandum (FSH 6209.17). Generally, decision memos should conform to the following format and content, although sections may be combined or rearranged in the interest of clarity and brevity.

    1. <u>Heading</u>. In the heading, identify:

        a. Title of document (that is, the decision memo).

        b. Agency.

EXHIBIT 6
Page 16 of 18

Case 3:06-cv-00068-JWS    Document 27-8    Filed 05/17/2006    Page 17 of 18

WO AMENDMENT 1909.15-2004-3
EFFECTIVE DATE: 07/06/2004
DURATION: This amendment is effective until superseded or removed.

1909.15_30
Page 17 of 18

**FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK**
**CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION**

    c. The title of the proposed action.

    d. The location of the proposed action (including administrative unit, county, and State). If appropriate, include the legal land description.

2. <u>Decision</u>. Describe the decision to be implemented and the reasons for categorically excluding the proposed action. Include:

    a. The category (sec. 31.2) of the proposed action.

    b. The rationale for using the category and, if more than one category could have been used, explain why the specific category was chosen.

    c. A finding that no extraordinary circumstances exist (sec. 30.3).

3. <u>Public Involvement</u>. List any interested and affected agencies, organizations, and persons contacted.

4. <u>Findings Required by Other Laws</u>. Include any findings required by any other laws. For example, findings of consistency with the Forest Land and Resource Management Plan as required by the National Forest Management Act (FSM 1922.41 and FSH 1909.12); or a public interest determination (36 CFR 254.3(c) and FSM 5430.3).

5. <u>Implementation Date</u>. Include the date when the responsible official intends to implement the decision, and identify any conditions related to implementation (sec. 50.3).

6. <u>Administrative Review or Appeal Opportunities</u>. State whether the decision is subject to review or appeal, cite the applicable regulations, and identify when and where to file a request for review or appeal.

7. <u>Contact Person</u>. Include the name, address, and phone number of a contact person who can supply further information about the decision.

8. <u>Signature and Date</u>. Ensure that the responsible official signs and dates the decision memo on the date the decision is made.

## 33 - NOTICE AND DISTRIBUTION OF DECISION MEMO

Distribute a decision memo as soon as it is signed to agencies, organizations, and persons interested in or affected by the proposed action.

EXHIBIT 6
Page 17 of 18

Case 3:06-cv-00068-JWS   Document 27-8   Filed 05/17/2006   Page 18 of 18

WO AMENDMENT 1909.15-2004-3
EFFECTIVE DATE: 07/06/2004
DURATION: This amendment is effective until superseded or removed.

1909.15_30
Page 18 of 18

**FSH 1909.15 - ENVIRONMENTAL POLICY AND PROCEDURES HANDBOOK**
**CHAPTER 30 - CATEGORICAL EXCLUSION FROM DOCUMENTATION**

1. The responsible official shall promptly mail the decision memo to those who requested it.

2. The responsible official may provide other forms of notice appropriate to the importance of the decision.

3. The responsible official shall enter the date of the decision memo on the schedule of proposed actions (sec. 07).

4. When required by E.O. 12372, Intergovernmental Review of Federal Programs, send copies to the State Single Point of Contact or, in cases where a State has elected not to establish a Single Point of Contact, the State official(s) involved.

EXHIBIT 6
Page 18 of 18