Marc D. Fink (MN License # 343407)
4515 Robinson Street
Duluth, Minnesota 55804
Tel: 218-525-3884
Fax: 218-525-3857
marc@marcdfink.com

Peter Van Tuyn (AK Bar # 8911086)
Bessenyey & Van Tuyn
310 K Street, Suite 200
Anchorage, AK 99501
Tel:  907-278-2000
Fax:  907-278-2004
pvantuyn@earthlink.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS, and GLEN ITH,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture,<br><br>Defendant. | Case No: 3:06-CV-00068-JWS<br><br>**SECOND DECLARATION OF DAVID MONTGOMERY** |

Page 1, SECOND DECLARATION OF DAVID MONTGOMERY

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following facts are true and correct:

1. My name is David Montgomery. I am a professor of geomorphology at the University of Washington. My qualifications are described in my first declaration filed in this action.

2. The Forest Service does not dispute my earlier testimony that road reconstruction increases erosion as a result of exposing previously vegetated and stable soil. In fact, the Forest Service acknowledges that the reconstruction work has already created erosion-prone sites. For example, the Forest Service reports that Rockfish Road 8000586 "is mucky, from clearing operations" and that "there is water running over the mucky road, causing sedimentation in the drainages." Govt. Exh. 5 at p. 5. To the best of my knowledge, the Forest Service has not examined nor disclosed the extent of the erosion associated with this "mucky" road, but given the high rainfall common to southeast Alaska, it is likely significant. This is precisely the sort of assessment that should have occurred before the road reconstruction activity began. A prior assessment could have considered alternatives, such as limiting road work to dry months rather than the rainy spring season. In addition, the Traitors Cove proposed logging and new road construction will add to this road-related erosion, further increasing damage to water quality and fish habitat. To the best of my knowledge, the Forest Service has made no assessment of these cumulative impacts.

3. Prior analysis could have also avoided the snowplowing of the new gravel that occurred on Rockfish Road 8060000 ("the snow plowing operations have displaced the newly

placed aggregate at the roadway edges"). Id. Snowplowing that moves gravel to the side of the road is certain to have also moved fine silts and sand particles that will erode when the snow melts, as is presently happening. The Forest Service has never assessed the extent of this erosion either.

4. The Forest Service also acknowledges that more culverts are needed than the agency anticipated ("there is a need for three additional culverts that are not presently in the design"). Id. A prior assessment of erosion hazards could have helped to ensure the Forest Service design the roads properly in the first instance, avoiding further damage to water quality.

5. The Forest Service claims that the road reconstruction activities fall within the scope of road "maintenance," as the Forest Service defines that term in its handbook. But this is not true. There are activities requires by the Francis Cove and Rockfish contracts that are not listed among maintenance activities. For example, the development of rock quarries, together with associated blasting and pulverizing, is not a listed maintenance activity. Yet the Rockfish and Francis Cove road reconstruction contracts each calls for 4 quarries to be developed, for a total of eight quarries. There is no categorical exemption from NEPA of which I am aware for rock quarries, nor would such an exemption be warranted on soil erosion grounds alone. Quarries are a notorious source of soil erosion because of the ground disturbance involved in any above-ground mining activity and the fine particles produced by rock crushing that can find their way into stream channels.

6. Construction of marine access facilities, including "excavation" next to or in the water, is also not to be found in any Forest Service categorical exclusion, nor would such an exemption be warranted on soil erosion grounds. Erosion from construction next to or in water is

virtually certain to make its way into the water rather than be stored on the land. Such erosion can damage sensitive inter-tidal zones and marine life.

7. The reconstruction activities going on at these roads include the installation of major culverts up to 4 feet in diameter. Culvert installation requires substantial earth excavation as the entire roadbed must be dug up for the length of the culvert and deeper than the diameter of the culvert to be installed. This sort of excavation, particularly when conducted during the wet Spring season creates substantial erosion, the preponderance of which is delivered to streams as sediment because culverts are generally located where water travels downhill to streams.

8. The Forest Service's categorical exclusion for road maintenance includes only culvert clean-out, not culvert installation. The two functions are totally different. Culvert clean-out exposes little, if any, bare earth nor does it require any excavation of the roadbed. Culvert installation is a major construction activity that can involve hundreds of cubic yards of earth excavation.

9. Bridge construction and installation are also not included among the road maintenance activities listed in the Forest Service's categorical exclusion. Yet the Rockfish and Francis Cove reconstruction contracts require a bridge each to be installed. Bridge installation requires substantial excavation of soil immediately adjacent to the stream course, increasing the risk of sedimentation. This is particularly true if installation is conduced when the soil is saturated from rain or snow melt.

10. In sum, there are numerous activities not associated with road maintenance that are required by these road contracts. I conclude that these contracts are exactly as advertised and stated in the contracts themselves; contracts for the <u>reconstruction</u> of roads, not simply road

Page 4, SECOND DECLARATION OF DAVID MONTGOMERY

maintenance.

11. Finally, the Forest Service argues that more environmental damage will occur if this road work is halted temporarily than if it is continued. Govt Exh 5 at page 7. That's certainly not the case for the road segments that have had no work performed along them, e.g., Rockfish Road # 8060050, 8060220 and 8060224. The Forest Service does not allege that these roads require any immediate work to prevent on-going erosion. The Forest Service notes several locations in the Francis Cove road project that required recent fixes to cure problems, some of which may have been associated with the reconstruction activity itself, e.g., Road 8040000 ("Deep muddy conditions with sedimentation going into creek. Site corrected the week of May 8th"). However, this remedial work has apparently already been completed.

12. In only two locations does the Forest Service assert that immediate erosion will occur if construction activities are suspended temporarily (Francis Cove Road 8040440 where a "failed log culvert" is causing erosion to enter a stream and Francis Cove Road 8040700 where "two culverts are needed to prevent ditch line erosion and roadbed erosion"). Fixing these problems will also create erosion from the excavation associated with installing the culverts. At a minimum, a qualified geotechnical engineer or geomorphologist should assess these two sites to determine whether more erosion will occur as a result of the construction activities or by

postponing the work temporarily. The Forest Service has such employees on its staff; however, it appears none has made this assessment.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of May, 2006.

*DAVID MONTGOMERY*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19th, 2006, a copy of the Second Declaration of David Montgomery was served electronically on:

Bruce M. Landon

s/ Marc D. Fink