BRUCE M. LANDON
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile:  (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS, and Glen.... <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, <br><br> Defendant. | Case No.  3:06-cv-068 (JWS) |

MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS

Federal defendants move pursuant to Local Rule 7.1 (h)(2) for leave to file the attached two supplemental declarations of Rozie Berry and Jack K. Oien (Exhibit 1 and 2) which federal defendants intend to discuss in oral argument on May 25, 2006 on Plaintiffs' Motion for Temporary Restraining Order and for Preliminary Injunction (Docket #9). The materials and are submitted in response to statements made in declarations plaintiffs submitted with their Reply in Support of Motion for Temporary Injunction and for Preliminary Injunction (Docket # 29).

Specifically, in paragraph 11 of the Second Declaration of David Montgomery (Docket # 32), Dr. Montgomery suggests that the Court should enjoin work on three roads in the Rockfish contract for which work under the contract has not yet begun. The Declaration of Rozie Berry, sets forth the activities that would occur on those roads and the environmental and safety concerns should that work not be done. Attached to her declaration are photographs illustrating the problems to be remedied.

In paragraph 5 of his declaration, Dr. Montgomery states that the maintenance contracts call for the "development of rock quarries" and that they involve blasting and pulverization. The Second Declaration Jack K. Oien would clarify that all the rock quarries (rock pits, material sites) used in the Rockfish and Francis Cove contracts were already in existence prior to the award of those contracts. He also clarifies that the rock pit use under the contracts involves no blasting or pulverization.

In his second declaration, Dr. Montgomery also alleges harm from maintenance of the marine access facility and bridge replacement. The Second Declaration of Jack Oien clarifies that all maintenance on the marine access facility and bridge replacement is already complete.

In his Third Declaration, Andy Stahl (Docket #30 ) argues that the Rockfish and Francis Cove contracts must be actions connected to the potential Traitor Cove timber sale because, other than the road providing access to the bear viewing area, only roads that access units in the unit pool for the potential Traitors Cove sale are maintained under those two contracts. The Second Declaration of Jack K. Oiens clarifies that the current five year plan for capital investment projects on the Tongass includes a contract to do maintenance on approximately 9 miles of road in the Traitor Cove area that would not provide access to potential timber sale units. Mr. Oiens

also clarifies that it is not surprising that the Forest Service scheduled the Rockfish and Francis contracts prior to the Margaret Roads Storage Contract, because, as explained in his first declaration, the need for safe administrative access for the assessment of potential timber sales was a consideration favoring those contracts.

    RESPECTFULLY SUBMITTED this 24th day of May, 2006, at Anchorage, Alaska.

    s/ Bruce Landon_____

BRUCE M. LANDON
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile:  (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Defendants

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 24th day of May, 2006, a copy of the foregoing was served electronically to the following counsel of record:

Marc D. Fink
Peter Van Tuyn

  s/ Bruce M. Landon_____
Bruce M. Landon