Marc D. Fink (MN License # 343407)
4515 Robinson Street
Duluth, Minnesota 55804
Tel: 218-525-3884
Fax: 218-525-3857
marc@marcdfink.com

Peter Van Tuyn (AK Bar # 8911086)
Bessenyey & Van Tuyn
310 K Street, Suite 200
Anchorage, AK 99501
Tel:  907-278-2000
Fax:  907-278-2004
pvantuyn@earthlink.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS, and GLEN ITH<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES FOREST  SERVICE, an agency of the U.S. Department of Agriculture,<br><br>Defendant. | Case No: 3:06-CV-0068-JWS<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Page 1, PLTFS' MEMO. IN SUPPORT OF MTN. FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

# INTRODUCTION

Plaintiffs filed the original complaint in this case on March 30, 2006. Due primarily to a misunderstanding of facts, Plaintiffs filed an amended complaint on May 9, 2006 to add additional claims. A second amended complaint was promptly filed on May 10, 2006, with Defendant's written consent, essentially to restore the complaint to its original form.

Plaintiffs now seek leave to file their Third Amended Complaint in order to add facts and an additional legal claim concerning matters that have largely occurred since the filing of the initial complaint. One of the Plaintiffs in this case is Glen Ith, who is both a member of the other Plaintiff, Forest Service Employees for Environmental Ethics, as well as an employee of the Defendant United Service Forest Service. As result of Mr. Ith's involvement in this case, Mr. Ith has been warned, intimidated, and now investigated by the Forest Service. Plaintiffs therefore seek to include facts regarding the actions by the Forest Service towards Mr. Ith, as well as a single claim pursuant to the First Amendment and 42 U.S.C. § 1983.

Plaintiffs just learned on July 10th that Mr. Ith is the subject of a formal investigation by the Forest Service, and that Mr. Ith is scheduled to be interviewed by a special investigator on July 13th. Plaintiffs have moved as quickly as possible for leave to add this additional claim. The granting of Plaintiffs' motion to add this First Amendment claim would conserve judicial resources by resolving all related claims in one court proceeding, and would ensure the just, speedy, and inexpensive resolution of these related issues.

# ARGUMENT

## I.    Leave to Amend Should be Freely Granted

Federal Rule of Civil Procedure 15(a) "declares that leave to amend 'shall be freely given when justice so requires;' this mandate is to be heeded . . . If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded

an opportunity to test his claims on the merits . . Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182, 38 S.Ct. 227, 230 (1962). The denial of a motion to amend a complaint is proper "only when amendment would be clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made." *United Union of Roofers v. Insurance Corp. of AM*, 919 F.2d 1398, 1402 (9th Cir. 1990).

      The First Amendment claim that Plaintiffs seek to add is not "clearly frivolous." The United States Supreme Court has recognized that public employees cannot be compelled to relinquish their First Amendment rights to comment on matters of public concern as a condition of public employment. *See Pickering v. Board of Education of Township High School District 205*, 391 U.S 563 (1968). All statements and other "speech" made by Glen Ith related to this case have been "as a citizen upon matters of public concern." *Garcetti v. Ceballos*, 126 S.Ct. 1951, 1956 (2006). In return, the Forest Service has warned, intimidated, and is now investigating the actions and speech of Mr. Ith. *See* Third Amended Complaint, §§ 34-46. The warnings, intimidation, and ongoing investigation has "unquestionably chilled the plaintiff's exercise of [his] First Amendment rights." *White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000).

      The additional claim would not be "unduly prejudicial." Plaintiffs filed this motion and memorandum within two days of learning of the Forest Service's investigation of Glen Ith. Plaintiffs were unaware at the time of the filing of the initial complaint that the Forest Service would investigate Mr. Ith concerning matters related to this case.

      The additional claim would not cause undue delay, as the Administrative Record has not yet been filed, and briefing on cross-motions for summary judgment has not yet commenced.

And there is no indication of bad faith, as again Plaintiffs have filed this motion as soon as possible and only to protect the Constitutional rights of Glen Ith.

## II.     Plaintiffs' Third Amended Complaint Will Assure a Just, Speedy, and Inexpensive Determination of All Related Issues

The Federal Rules of Civil Procedure are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. "The policy of the federal rules favors resolving all disputes between parties in a single litigation." *Gutor Intern, AG v. Raymond Packer Col, Inc.*, 493 F.2d 938, 946 (1st Cir. 1974). The granting of the Plaintiffs' Motion will assure that all related claims are included in one suit, thereby assuring the just, speedy, and inexpensive determination of all related issues. All issues are related and involve the same parties. If the Motion is denied, the Plaintiffs would be forced to file a new lawsuit concerning the First Amendment claim, resulting in the additional and unnecessary expenditure of resources for all involved parties and the Court.

## CONCLUSION

For all the above stated reasons, the Plaintiffs' Motion for Leave to File the Third Amended Complaint for Declaratory and Injunctive Relief should be granted.

DATED this 12th day of July, 2006.

Respectfully submitted,

s/ Marc D. Fink
Marc D. Fink (MN License # 343407)
4515 Robinson Street
Duluth, Minnesota 55804
Tel: 218-525-3884
Fax: 218-525-3857
marc@marcdfink.com

Peter Van Tuyn (AK Bar # 8911086)
Bessenyey & Van Tuyn
310 K Street, Suite 200
Anchorage, AK 99501
Tel: 907-278-2000
Fax: 907-278-2004
pvantuyn@earthlink.net

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

    I hereby certify that on July 12, 2006, a copy of Plaintiffs' Memorandum in Support of Motion for Leave to File Third Amended Complaint was served electronically on:

Bruce M. Landon

s/ Marc D. Fink