BRUCE M. LANDON
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS, and Glen.... | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:06-cv-068 (JWS) |
| v. | ) ) | |
| UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, | ) ) ) | |
| Defendant. | ) ) ) | |

QUALIFIED NON-OPPOSITION TO
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
AND MOTION FOR EXTENSION OF TIME TO ANSWER

Plaintiffs have moved for leave amend their complaint to add a new claim challenging a

Forest Service investigation into whether plaintiff Glen Ith violated the government-wide ethics

rule at 5 CFR § 2635.808(c) (2), which prohibits employees of the executive branch from using

or permitting the use of his or her official title, position or any authority associated with his

public office to further a fundraising effort. The investigation is the result of a fundraising letter

apparently by Mr. Ith.

Rule 15 Fed.. R. Civ. Pro. provides that leave to amend shall be freely given when justice so requires.  However, the courts need not grant motions to amend where the count sought to be added could not survive a motion to dismiss or is otherwise futile.  *Saul v. United States* 928 F.2d 829, 843 (9th Cir. 1991).   As shown below, the new claim that plaintiffs have inserted in their proposed Third Amended Complaint could not survive a motion to dismiss and is futile.

Although federal defendants do not believe that the new claims plaintiffs have added to their proposed Third Amended Complaint could survive a motion to dismiss, they have elected not to oppose plaintiffs' motion to amend, and will instead file a motion to dismiss in due course. Federal defendants have made this election because the new claim, if in a separate complaint, would normally be assigned to a different division of the Department of Justice than the claims in plaintiffs' original complaint.  Federal defendants will file their motion to dismiss after consultation with that other division.  The travel plans of counsel do no permit that consultation to occur within the time period for an opposition to the motion for leave to amend.  In agreeing not to oppose the filing of the proposed complaint, federal defendants reserve all their rights and defenses with regard to the claims in the Third Amended Complaint.

Because of the tenuous relationship between the new count and the prior counts, and the need to consult with the other division of the Department of Justice, and the travel schedule of counsel, federal defendants' non-opposition is conditioned on the granting of an extension of time to respond to the Third Amended Complaint to 45 days after the date the court grants leave to file the Third Amended Complaint.  A proposed order accompanies this non-opposition.  If no

extension is granted, federal defendants oppose the motion for leave to amend and submit, based on the analysis below that the new claim could not survive a motion to dismiss for at least the following reasons..

An agency's decision to initiate an investigation is interlocutory in nature and therefore does not constitute final agency action subject to judicial review under the Administrative Procedures Act (APA), 5 U.S.C. § 704. *Federal Trade Comm'n v. Standard Oil of California,* 449 U.S. 232, 239 (1980). Plaintiffs' invocation of the First Amendment does not change the unavailability of legal review of the investigation. There is no constitutional right not to be investigated for suspected violations of federal law. *Hunter v. Securities Exchange Comm'n,* 879 F.Supp. 494, 501 (E.D. Pa. 1995). To establish a First Amendment retaliation claim, a plaintiffs must establish *inter alia* that he or she "suffered an adverse employment action." *Benningfield v. City of Houston,* 157 F.3d 369, 375 (5th Cir. 1998); *Gorman-Bakos v. Cornell Coop. Extension,* 252 F.3d 545, 553 (2d Cir. 2001). Adverse employment actions are discharges, refusal to hire, refusals to promote, and reprimands. *Benningfield v. City of Houston,* 252 F.3d at 376 ; *Pierce v. Texas Department of Criminal Justice, Inst. Div.,* 75 F.3d 1146, 1149 (5th Cir. 1998); *McCabe v. Sharrett,* 12 F.3d 1558, 1563 (11th Cir. 1994). An internal investigation does not constitute an adverse employment action even if it may arguably have the effect of chilling the exercise of free speech. *Benningfield v. City of Houston,* 252 F.3d at 376 ("Although a reprimand can constitute an adverse employment action, an investigation does not."); *Pierce v. Texas Department of Criminal Justice, Inst. Div.,* 75 F.3d at 1150.

CONCLUSION

For the foregoing reasons, the court should issue the accompanying proposed order granting leave to amend and extending federal defendants' to answer to 45 days after the issuance of the order granting leave to amend.  If the Court denies the motion for extension of time, it should also deny the motion for leave to amend.

RESPECTFULLY SUBMITTED this 14th day of July, 2006, at Anchorage, Alaska.


s/ Bruce M. Landon
BRUCE M. LANDON
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile:  (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Defendants


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July, 2006, a copy of the foregoing QUALIFIED NON-OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINTAND MOTION FOR EXTENSION OF TIME TO ANSWER along with a Proposed ORDER were served electronically to the following counsel of record:

Marc D. Fink
Peter Van Tuyn


  s/ Bruce M. Landon
Bruce M. Landon