Marc D. Fink (MN License # 343407)
4515 Robinson Street
Duluth, Minnesota 55804
Tel: 218-525-3884
Fax: 218-525-3857
marc@marcdfink.com

Peter Van Tuyn (AK Bar # 8911086)
Bessenyey & Van Tuyn
310 K Street, Suite 200
Anchorage, AK 99501
Tel:  907-278-2000
Fax:  907-278-2004
pvantuyn@earthlink.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS, and GLEN ITH,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture,<br><br>Defendant. | Case No: 3:06-CV-0068-JWS<br><br>**PLAINTIFFS' FOURTH AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. This is a civil action for declaratory and injunctive relief. Defendant United States Forest Service has violated the National Environmental Policy Act ("NEPA") and the Appeals Reform Act by entering into contracts and reconstructing logging roads on the Tongass National Forest prior to completing the required NEPA analyses, issuing decisions, and resolving administrative appeals.

2. Plaintiffs Forest Service Employees for Environmental Ethics and Glen Ith seek a declaratory judgment and injunctive relief to remedy the violations complained of herein. Plaintiffs also seek an award of attorney fees, expenses, and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

## JURISDICTION

3. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 & 1346, because this action involves the United States as a defendant, and arises under the laws of the United States, including NEPA, 42 U.S.C. §§ 4321, *et seq*.; the Appeals Reform Act, 16 U.S.C. § 1612 Note; and the Administrative Procedure Act, ("APA"), 5 U.S.C. §§ 701. An actual, justiciable controversy exists between Plaintiffs and Defendant. The requested relief is proper under 28 U.S.C. § 2202 and 5 U.S.C. §§ 705 & 706.

## VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e). Defendant Forest Service has its headquarters for the Alaska Region of the Forest Service in Juneau, Alaska, and the Tongass National Forest is headquartered in Ketchikan, Alaska. Plaintiff Forest Service Employees for Environmental Ethics has members who reside within this District, including Plaintiff Glen Ith, and who have been injured by the Forest Service actions and activities complained of herein. Venue is also proper in Anchorage pursuant to D.Ak. LR 3.3.

## PARTIES

5. Plaintiff Forest Service Employees for Environmental Ethics ("FSEEE") is a nonprofit organization, with its principal place of business in Eugene, Oregon. FSEEE is comprised of thousands of concerned citizens, present, former and retired Forest Service employees, and other resource managers. FSEEE's mission is to forge a socially responsible value system for the Forest Service based on a land ethic that ensures ecologically and economically sustainable resource management.

6. FSEEE's members hike, fish, camp, photograph scenery and wildlife, and engage in other vocational, scientific, and recreational activities throughout the national forest system, including the Tongass National Forest. FSEEE's members derive recreational, inspirational, scientific, and aesthetic benefit from their activities within these national forests. FSEEE's members intend to continue to use and enjoy areas on the Tongass National Forest, specifically including the areas of the proposed Overlook and Traitors Cove timber sales and associated road reconstruction projects, on an ongoing basis in the future, including the summer and fall of 2006.

7. The aesthetic, recreational, scientific, and religious interests of the FSEEE's members have been and will be adversely affected and irreparably injured if the Forest Service continues to act and fails to act as alleged herein. These are actual, concrete injuries caused by the Forest Service's failure to comply with mandatory duties under NEPA, the Appeals Reform Act, the APA, and other federal laws. The injuries would be redressed by the relief sought.

8. Plaintiff Glen Ith is the wildlife biologist for the Petersburg Ranger District of the Tongass National Forest. Mr. Ith lives and works in Petersburg, Alaska, and receives substantial benefits from the area's wildlife, fisheries, recreation, and subsistence resources. Mr. Ith's interests have been and will continue to be adversely affected and irreparably injured if the Forest Service continues to act and fails to act as alleged herein, and these injuries would be redressed

by the relief sought.  Mr. Ith is a member of FSEEE.

9. Plaintiffs have exhausted any available administrative remedies.  Reviewable final agency action exists and is subject to this Court's review under 5 U.S.C. §§ 702, 704, and 706.

10. Defendant Forest Service is an agency of the U.S. Department of Agriculture.  It and its officers are responsible for the lawful management of the national forest system.

## SUMMARY OF FACTS AND GENERAL ALLEGATIONS

**The Tongass National Forest**

11. The Tongass National Forest, stretching 500 miles along the southeastern coast of Alaska, is the largest, most intact, temperate rainforest in the world.  It is also the last great expanse of old-growth rainforest within the United States.

12. At 16.8 million acres, the Tongass is the largest national forest, encompassing more than 73 percent of the land-mass in Alaska's southeastern panhandle. Within its boundaries lie two national monuments, one national park, and seventeen wilderness areas.

13. The Tongass National Forest provides important habitat for a wide variety of fish and wildlife species, including grizzly bears, black bears, Sitka black-tailed deer, wolves, and five species of wild salmon.

14. The Tongass National Forest is a rugged land of tree-covered islands, jagged mountains, and deep fjords.  The remoteness and topography of the Tongass make it the nation's most expensive national forest for logging and road building.  The Tongass National Forest typically loses more money per year than any other national forest.  Since 1980, the Forest Service's timber management program on the Tongass National Forest has cost United States taxpayers roughly one billion dollars.

15. There are currently 4,650 miles of roads in the Tongass National Forest, and the Forest Service seeks to build as many as 1,110 new miles of logging roads over the next decade.

16.     The construction and reconstruction of logging roads frequently adds sediment and mud to streams and waterbodies. The reconstruction of logging roads may adversely and significantly impact soils. The reconstruction of a logging road that had been previously been closed to public use will likely result in adverse impacts to wildlife. The use of reconstructed logging roads for hauling timber may further impact streams, fish and wildlife.

**Logging Roads Associated with the Overlook Timber Sale**

17.     In April, 2005, the Forest Service completed an "Environmental Assessment" ("EA") for the proposed Overlook timber sale. The sale area is located in the central portion of Mitkof Island, about 15 miles south of Petersburg, Alaska, and is on the Petersburg Ranger District of the Tongass National Forest. The Overlook EA states that the proposed action would log approximately 5.1 million board feet of timber from approximately 257 acres.

18.     The Overlook EA discloses the potential environmental impacts of four alternatives: the "no action" alternative, and three "action" alternatives. Alternative 1 is the "no action" alternative and proposes no new timber harvest, and no road construction or road reconstruction. Alternative 2 includes the reconstruction of about 1.2 miles of Forest Service Road 6232 in order to access proposed harvest units. Alternative 3 includes the reconstruction of 0.8 miles of Forest Service Road 6231 in order to access proposed harvest units. Alternative 4, which is identified as the agency's "proposed action," includes the reconstruction of 2.2 miles of Forest Service Road 6232 in order to access proposed harvest units.

19.     In the summer of 2005, FSEEE learned that the Forest Service had already commenced and completed the road reconstruction for Road 6232, which is proposed for reconstruction within the Overlook EA. Much of Road 6232 had become revegetated prior to the reconstruction. The reconstruction of Road 6232 included the cutting of many large Sitka-spruce trees which were used for bridge construction.

20. The Forest Service informed FSEEE that the road reconstruction work for Roads 6231 and 6232 was covered by a Forest Service "categorical exclusion" for minor road repair and maintenance. The Forest Service did not provide any public notice or scoping to disclose that it was relying on this categorical exclusion, and did not request any public comment on this issue.

21. On November 15, 2005, the Forest Service signed the Decision Notice and Finding of No Significant Impact for the Overlook project, selecting to implement a slightly modified version of Alternative 4 from the Overlook EA. According to the Decision Notice, the project would log approximately 4.1 million board feet of timber from approximately 190 acres.

22. The Overlook Decision Notice did not include the reconstruction of 2.2 miles of Forest Service Road 6232 within its description of the chosen alternative, even though the Overlook EA states that such reconstruction is necessary to access proposed harvest units.

23. The Overlook Decision Notice states that no road reconstruction would be needed for any of the alternatives that were assessed in the Overlook EA.

24. On January 27, 2006, Plaintiffs FSEEE and Glen Ith submitted an administrative appeal of the Overlook Decision Notice and Finding of No Significant Impact to the Regional Forester, pursuant to the Appeals Reform Act.

25. On March 13, 2006, the Forest Service withdrew the Decision Notice and Finding of No Significant Impact for the Overlook timber sale. The Forest Service determined that "the road maintenance and repair work element of the project could be described more clearly to the public." The Forest Service plans to "update the documents associated with this project in the next few months," and "release a new decision by mid-summer 2006."

26. On March 15, 2006, the Forest Service informed FSEEE and Mr. Ith that it had withdrawn the Overlook decision, and that their appeal was dismissed without review.

**Logging Roads Associated with the Traitors Cove Timber Sale**

27. On April 1, 2005, the Forest Service published notice that it was preparing the "Traitors Cove" Environmental Impact Statement ("EIS") to propose the harvest of timber in the Traitors Cove area of northern Revillagigedo Island on the Ketchikan Misty Fiords Ranger District of the Tongass National Forest. 70 Fed. Reg. 16,795 (April 1, 2005). The proposed project would log about 16 million board feet of timber on approximately 1000 acres.

28. The Traitors Cove EIS combines the project areas from three formally proposed timber harvest projects on the Tongass National Forest: SW Neets, Rockfish, and Francis Cove.

29. In the spring of 2005, the Forest Service solicited bids on three road reconstruction projects: SW Neets road reconstruction (8.44 miles), Rockfish road reconstruction (13.85 miles), and Francis Cove road reconstruction (3.79 miles). All three road contracts have been awarded. The road reconstruction of SW Neets has been completed, the reconstruction of Rockfish is 80-90% complete, and the reconstruction of Francis Cove is expected to start soon.

30. The Forest Service asserts that the SW Neets, Rockfish, and Francis Cove road reconstruction projects are "covered under FSH 1909.15, chapter 31.12 and require no NEPA documentation."

31. The Forest Service acknowledges that there was no scoping notice or Decision Memo for the SW Neets, Rockfish, and Francis Cove road reconstruction projects. The Forest Service did not disclose to the public that it was relying on a categorical exclusion for these projects, and did not request any public comment on this issue.

32. According to the Forest Service, "[s]ome segments of all three of these [road]

systems could be used in the Traitor's Cove project to haul timber to the respective Log Transfer Facility (LTF) to load on a barge that would be towed to a location for log processing."

33. According to the Forest Service's website, the Draft EIS for the Traitors Cove project is now expected to be completed and released for public comment in September, 2006, and the Final EIS and Record of Decision are expected in March, 2007.

## CLAIMS FOR RELIEF

**CLAIM I:** **The Forest Service Violated NEPA by Relying on a "Categorical Exclusion" for the Road 6231, Road 6232, SW Neets, Rockfish, and Francis Cove Reconstruction Projects, Without Providing Public Notice, Scoping, or An Opportunity for Comment**

34. Plaintiffs hereby incorporate by reference all preceding paragraphs.

35. NEPA requires federal agencies to consider the environmental consequences of their actions. *See* 42 U.S.C. § 4331 *et seq*. NEPA ensures that the agency will have available, and will carefully consider, detailed information concerning significant environmental impacts; it also guarantees that the relevant information will be made available to the larger public audience that may also play a role in both the decisionmaking process and implementation of that decision. *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 349 (1989).

36. The NEPA regulations establish three "categories" of agency action for NEPA purposes. First, proposals that normally require an EIS should immediately trigger preparation of an EIS. 40 C.F.R. § 1501.4(a). Second, the agency may designate types of actions that normally do not require the preparation of an EIS and can therefore be "categorically excluded." 40 C.F.R. § 1508.4. If a proposed action fits within a categorical exclusion, NEPA review is not necessary unless there are "extraordinary circumstances" related to the proposed action. 40 C.F.R. § 1508.4. Third, any action that does not fall into the first or second category should be evaluated in an EA, which must analyze whether impacts from the proposed action may be

significant, and therefore require an EIS. 40 C.F.R. § 1501.4(b).

37. The Forest Service asserts that the road reconstruction for Road 6231, Road 6232, SW Neets, Rockfish, and Francis Cove fit within a Forest Service categorical exclusion concerning the minor repair and maintenance of roads, trails, and landline boundaries. *See* Forest Service Handbook ("FSH") 1909.15, chapter 31.12.

38. The Forest Service's reliance on FSH 1909.15, chapter 31.12 is inappropriate for the Road 6231, Road 6232, SW Neets, Rockfish, and Francis Cove road reconstruction projects, and in violation of NEPA, for at least the following reasons:

- a) The SW Neets, Rockfish and Francis Cove road reconstruction projects are connected, cumulative, and similar actions that must be addressed together and within the ongoing EIS for the Traitors Cove timber sale;

- b) The Road 6231, Road 6232, SW Neets, Rockfish, and Francis Cove road reconstruction projects do not fit within the limited categorical exclusion set forth in FSH 1909.15, chapter 31.12;

- c) The Forest Service failed to provide public notice and an opportunity for public scoping for the Road 6231, Road 6232, SW Neets, Rockfish, and Francis Cove road reconstruction projects, to allow the public an opportunity to comment whether the category is appropriate and whether there may be "extraordinary circumstances" that would prohibit the use of a categorical exclusion in this instance. FSH 1909.15, chapter 30.3(3) ("Scoping is required on all proposed actions, including those that would appear to be categorically excluded."); FSH 1909.15, chapter 31.12 ("The following categories . . . may be categorically excluded from documentation in an EIS or an EA unless scoping indicates extraordinary circumstances."); 40 C.F.R. § 1508.4.

39. For the above state reasons, the Forest Service's reliance on a categorical exclusion for the Road 6231, Road 6232, SW Neets, Rockfish, and Francis Cove road reconstruction projects violates NEPA and is arbitrary, capricious, and an abuse of discretion

PAGE 9, PLAINTIFFS' FOURTH AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

pursuant to the APA.  5 U.S.C. § 706.

**CLAIM II:** **The Forest Service Violated NEPA by Proceeding with the Reconstruction of Roads That Were Needed for the Overlook and Traitors Cove Timber Sales Prior to Completing the NEPA Analyses and Signing the Decisions**

40. Plaintiffs hereby incorporate by reference all preceding paragraphs.

41. Proper timing is one of NEPA's central themes, and therefore NEPA procedures must insure that environmental information is available to public officials and citizens "before decisions are made and before actions are taken." 40 C.F.R. § 1500.1(b).

42. The Forest Service has violated numerous NEPA requirements by entering into contracts and authorizing reconstruction work on Forest Service Roads 6231 and 6232, and the SW Neets, Rockfish, and Francis Cove road projects, prior to completing the mandatory NEPA process and signing the final decision documents for the Overlook and Traitors Cove logging projects.  These NEPA violations include the following:

    a) The Forest Service failed to "integrate the NEPA process with other planning at the earliest possible time to insure that planning and decisions reflect environmental values." 40 C.F.R. § 1501.2;

    b) The Forest Service failed to prepare the Overlook EA and Traitors Cove EIS "early enough so that it can serve practically as an important contribution to the decisionmaking process and will not be used to rationalize or justify decisions already made." 40 C.F.R. § 1502.5.

    c) The Forest Service unduly limited and prejudiced its choice of reasonable alternatives, and improperly foreclosed consideration of the mandatory "no action" alternative.  42 U.S.C. § 4332(2)(C)(iii), (E); 40 C.F.R. § 1502.14(d); 40 C.F.R. § 1506.1(a)(2); 40 C.F.R. § 1502.2(f); 40 C.F.R. § 1502.2(g).

    d) The Forest Service improperly took action concerning the Overlook and Traitors Cove projects that had an adverse environmental impact prior to issuance of the

decisions.  40 C.F.R. § 1506.1(a)(1).

  e)  The Forest Service failed to prepare the Overlook EA and Traitors Cove EIS prior to making any irreversible and irretrievable commitment of resources.  *See Metcalf v. Daley*, 214 F.3d 1135, 1143 (9th Cir. 2000); *Conner v. Burford,* 848 F.2d 1441, 1446 (9th Cir. 1988); 42 U.S.C. § 4332(2)(C)(v); 40 C.F.R. § 1502.5.

  43.  For the above stated reasons, the Forest Service's entering into contracts and authorizing road reconstruction for Forest Service Roads 6231 and 6232, and the SW Neets, Rockfish, and Francis Cove road reconstruction projects, prior to completing the mandatory NEPA process and signing the final decision documents for the Overlook and Traitors Cove timber sales, violates NEPA and is arbitrary, capricious, and an abuse of discretion pursuant to the APA.  5 U.S.C. § 706.

**CLAIM III:** **The Forest Service Violated NEPA by Not Analyzing and Disclosing the Environmental Impacts of the SW Neets, Rockfish, and Francis Cove Road Reconstruction, and the Traitors Cove Timber Sale, within a Single EIS**

  44.  Plaintiffs hereby incorporate by reference all preceding paragraphs.

  45.  NEPA requires federal agencies to prepare an EIS for any proposed major federal action that may significantly affect the quality of the environment.  42 U.S.C. § 4332(2)(C).  The EIS must include an analysis of any adverse environmental impacts that cannot be avoided should the project be implemented, alternatives to the proposed action, and any irreversible and irretrievable commitment of resources which would be involved if implemented.  *Id.*

  46.  In determining the proper scope of an EIS, an agency must consider connected, cumulative, and similar actions.  40 C.F.R. § 1508.25.  Connected actions are actions that are closely related and therefore should be discussed in the same EIS.  40 C.F.R. §1508.25(a)(1).  Cumulative actions are actions when viewed with other proposed actions have cumulatively

significant impacts and should therefore be discussed in the same impact statement. 40 C.F.R. § 1508.25(a)(2). Similar actions are actions which, when viewed with other reasonably foreseeable or proposed actions, have similarities that provide a basis for evaluating their environmental consequences together, such as common timing and geography. 40 C.F.R. § 1508.25(a)(3).

47. The SW Neets, Rockfish, and Francis Cove road reconstruction projects, and the Traitors Cove timber sale, are connected, cumulative, and similar actions that must be considered and analyzed in a single EIS. The Forest Service's failure to consider and analyze these actions in a single EIS violates NEPA, 40 C.F.R. § 1508.25, and is arbitrary, capricious, and an abuse of discretion pursuant to the APA. 5 U.S.C. § 706.

**CLAIM IV:** **The Forest Service Violated the Appeals Reform Act by Failing to Provide Public Notice, Accept Public Comments, and Allow an Opportunity for Administrative Appeals Prior to Proceeding with the Road 6231, Road 6232, SW Neets, Rockfish and Francis Cove Reconstruction Projects**

48. Plaintiffs hereby incorporate by reference all preceding paragraphs.

49. The Appeals Reform Act sets forth a mandatory public notice, comment, and administrative appeal process for all Forest Service decisions that implement land and resource management plans. 16 U.S.C. § 1612 Note. The Forest Service is required to publish notice, accept public comments, and review and decide administrative appeals. 16 U.S.C. § 1612(b-d). The Appeals Reform Act further requires the Forest Service to stay the implementation of any decision for 45 days if an appeal is not filed, or for an additional 15 days after the date of the disposition of an appeal. 16 U.S.C. § 1612(e).

50. The Forest Service failed to publish notice, accept public comments, and allow, review, and decide administrative appeals for the Road 6231, Road 6232, SW Neets, Rockfish and Francis Cove road reconstruction projects, 16 U.S.C. § 1612(b-d), and failed to stay

implementation of the projects prior to the resolution of administrative appeals. 16 U.S.C. § 1612(e). The Forest Service thereby violated the Appeals Reform Act, 16 U.S.C. § 1612 Note, and the agency's decisions to proceed with the road reconstruction projects were therefore arbitrary, capricious, and an abuse of discretion pursuant to the APA. 5 U.S.C. § 706.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs respectfully request that this Court:

A. Declare that the Forest Service violated NEPA by relying on a "categorical exclusion" for the Road 6231, Road 6232, SW Neets, Rockfish, and Francis Cove road reconstruction projects without providing public notice, scoping, or an opportunity for comment;

B. Declare that the Forest Service violated NEPA by entering into contracts and authorizing road reconstruction for the Road 6231, Road 6232, SW Neets, Rockfish, and Francis Cove road reconstruction projects prior to completing the NEPA process and signing the decisions for the Overlook and Traitors Cove timber sales;

C. Declare that the Forest Service's failure to analyze and disclose the environmental impacts of the SW Neets, Rockfish, and Francis Cove road reconstruction, along with the Traitors Cove logging project, within a single EIS, violates NEPA;

D. Declare that the Forest Service violated the Appeals Reform Act by proceeding with the Road 6231, Road 6232, SW Neets, Rockfish, and Francis Cove road reconstruction projects prior to allowing, reviewing, and deciding administrative appeals;

E. Enjoin any further reconstruction of Road 6231, Road 6232, SW Neets, Rockfish, and Francis Cove pending full compliance with NEPA and the ARA;

F. Order the Forest Service to immediately close with locked gates Road 6231, Road 6232, and the SW Neets, Rockfish, and Francis Cove roads, and otherwise prohibit any vehicular traffic (including off-road vehicle use) on these roads, pending full compliance with NEPA and

the ARA;

G. Grant additional injunctive relief as the Court deems necessary to compel the Forest Service to comply with the law, to prevent similar violations in the future on the Tongass National Forest, to prevent further irreparable harm, and to satisfy the public interest;

H. Award to Plaintiffs their costs, expenses, expert witness fees, and reasonable attorney fees pursuant to the Equal Access to Justice Act; and

I. Grant Plaintiffs such further relief as may be just, proper, and equitable.

DATED this 7th day of August, 2006.

Respectfully submitted,

s/ Marc D. Fink
Marc D. Fink (MN License # 343407)
4515 Robinson Street
Duluth, Minnesota 55804
Tel: 218-525-3884
Fax: 218-525-3857
marc@marcdfink.com

Peter Van Tuyn (AK Bar # 8911086)
Bessenyey & Van Tuyn
310 K Street, Suite 200
Anchorage, AK 99501
Tel:  907-278-2000
Fax:  907-278-2004
pvantuyn@earthlink.net

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on August 7th, 2006, a copy of Plaintiffs' Fourth Amended Complaint for Declaratory and Injunctive Relief was served electronically on:

Bruce M. Landon

s/ Marc D. Fink