BRUCE M. LANDON
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS, and Glen Ith…. <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, <br><br> Defendant. | Case No. 3:06-cv-068 (JWS) |

DECLARATION OF PATRICIA A. GRANTHAM

Pursuant to 28 U.S.C. § 1746, Patricia A. Grantham declares and states:

1. I am the District Ranger for the Petersburg Ranger District, Tongass National Forest, USDA Forest Service. I have held that position since April 1992.

2. As part of my responsibilities as District Ranger, I supervise road reconstruction and maintenance work within the Petersburg Ranger District. I make the statements in this declaration based on personal knowledge and Forest Service records.

3. Roads 6231 and 6232 are located within the Petersburg Ranger District.

4. On June 10, 2005, the Forest Service awarded a contract for the maintenance/reconstruction of those two roads. All work under that contract was completed by October 4, 2005.

5. Immediately prior to the maintenance/reconstruction contract, Road 6231 was a maintenance level 1 road that had been improperly placed in storage. A road is properly placed in storage when its bridges and culverts have been removed, cross drains and water bars installed across the road surface, and/or other measures applied to minimize sedimentation and promote road prism stability. These activities had not happened with respect to road 6231. One of the purposes of the contract was to place portions of Road 6231 into proper storage. Immediately prior to the contract, Road 6231 was passable to passenger cars to the "old bridge site" at approximately milepost 0.76 of the road, though encroaching alders from the road side would heavily scratch along the side of the car. There was no physical barrier such as boulders present to prevent this use. The old bridge had deteriorated to the degree that passenger vehicles could no longer use it, however, the entire length of the road (end at milepost 1.27) was extensively used by motorcycles and off-road vehicles. The end of the road was known as a particularly good view spot during hunting season to scout for moose in the muskeg below. As part of the reconstruction contract, the contractor removed the old bridge and also removed the culverts on that portion of Road 6231 beyond the bridge. The contractor placed a rock and earth berm before the bridge site so that the public would no longer attempt

to cross the stream from which the bridge had been removed. The effect of the contract has been to lessen the ability of drivers of motorized vehicles to use the portion of the road beyond the old bridge site. Under the preferred alternative for the Overlook timber sale project, road 6231 would not be used to access harvest units.

6. Immediately prior to the contract, Road 6232 was a maintenance level 3 road up to the LeConte Glacier Overlook Picnic Area at approximately milepost 0.58. A maintenance level 3 road is a road maintained for use by passenger vehicles. From milepost 0.58 to the end of the road (milepost 2.65) the road was classified as a maintenance level 1 road. The Forest Service had blocked that portion of the road beyond milepost 0.7 with a rock barrier approximately eight years ago in order to discourage use of the further reaches of the road, which the Forest Service deemed unsafe due to failing log stringer bridges. Prior to the installation of the barrier, motorcycles and off-road vehicles had used the entire length of that road.

7. Subsequent to completion of that contract, my staff and I have identified additional maintenance/reconstruction needs for Road 6232. Specifically, excess sidecast material should be removed from several areas between milepost 2.2 and milepost 2.65 (end of project), and two small ditch slumps at milepost 0.9 and 2.4 should be corrected.

8. Although the preliminary injunction entered in this case (Docket # 38) does not apply to Roads 6231 and 6232, I have refrained from having the additional maintenance/reconstruction done in view of the Court's Order on Request for

Preliminary Injunctive Relief (Docket # 37).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oct. 20, 2006

_____
PATRICIA A. GRANTHAM

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day of October, 2006, a copy of the foregoing was served electronically to the following counsel of record:

Marc D. Fink
Peter Van Tuyn

s/ Bruce M. Landon
Bruce M. Landon