IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS, and Glen.... | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:06-cv-068 (JWS) |
| v. | ) ) | |
| UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, | ) ) ) ) | |
| Defendant. | ) ) | |

FINAL JUDGMENT

This matter came before the Court on Plaintiffs' Motion for Summary Judgment. Plaintiffs filed this case to challenge certain road reconstruction contracts on the Tongass National Forest pursuant to the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.*, and the Appeals Reform Act (ARA), 16 U.S.C. § 1612. Defendants, Forest Service conceded that its use of a categorical exclusion for the challenged road reconstruction contracts was improper under NEPA because those contracts and certain planned timber sales constituted connected actions that should be considered in the NEPA documents for the timber sale projects. The Court granted summary judgment to plaintiff on the "connected actions" claim and dismissed plaintiffs' remaining NEPA and ARA claims as moot. It is, therefore, DECLARED, ORDERED and ADJUDGED:

1. The road maintenance/reconstruction contract for Roads 6231 and 6232 (contract number

AG-0116-C-05-0002) constitutes an action connected to the proposed Overlook timber sale project. Road maintenance/reconstruction must be considered together with the proposed timber sale in the appropriate environmental review under NEPA for the proposed Overlook timber sale project.

2. The S.W. Neets (contract number AG-0116-C-05-0019), Rockfish (contract number AG-0116-C-05-0063), and Francis Cove (contract number AG-0109-C-05-0024) road maintenance/reconstruction contracts constitute actions connected to the proposed Traitors Cove timber sale project. Road maintenance/reconstruction must be considered together with the proposed timber sale in the appropriate environmental review under NEPA for the Traitors Cove timber sale project.

3. Unless otherwise ordered by the court upon such notice and hearing as may be appropriate in the circumstances, until the Forest Service completes the appropriate environmental review under NEPA for the Overlook timber sale project and the decision rendered thereon is final and may be implemented, the Forest Service is enjoined from performing road maintenance on or reconstruction of Roads 6231 and 6232.

4. Unless otherwise ordered by the court upon such notice and hearing as may be appropriate in the circumstances, until the Forest Service completes the appropriate environmental review under NEPA for the Traitors Cove timber sale project and the decision rendered thereon is final and may be implemented, the Forest Service is enjoined form performing road further maintenance on or reconstruction of the roads maintained or reconstructed pursuant to the S.W. Neets, Francis Cove and Rockfish road maintenance/reconstruction contracts.

5. Unless otherwise ordered by the court upon such notice and hearing as may be appropriate in the circumstances, until the Forest Service completes the appropriate environmental review under NEPA for the Overlook timber sale project and the decision rendered thereon is final and may be implemented, the Forest Service must restrict access to Roads 6231 and 6232 in a manner designed to prevent any significant increase in the nature and extent of motorized traffic from the historical usage of the roads, *i.e.*, prior to the time the Forest Service awarded the road maintenance/reconstruction contracts referred to in paragraph 1.

6. Unless otherwise ordered by the court upon such notice and hearing as may be appropriate in the circumstances, until the Forest Service completes the appropriate environmental review under NEPA for the Traitors Cove timber sale project and the decision rendered thereon is final and may be implemented, the Forest Service must restrict access to the roads maintained or reconstructed pursuant to the S.W. Neets, Francis Cove and Rockfish road maintenance/reconstruction contracts in a manner designed to prevent any significant increase in the nature and extent of motorized traffic from the historical usage of the roads, *i.e.*, prior to the time the Forest Service awarded the road maintenance/reconstruction contracts referred to in paragraph 2.

7. The prohibitions in paragraphs 3, 4, 5 and 6 are subject to the following exceptions:

    a. Forest Service employees may spread grass seed and fertilizer on areas of exposed soil;

    b. the Forest Service may continue to maintain the road to the Margaret Creek Wildlife

Observation Site; and

      c. the Forest Service may undertake emergency maintenance/reconstruction in response to occurrences such as slides or culvert failures if the Forest Service reasonably determines that failure to do maintenance/reconstruction poses a significant risk of substantial harm to the environment or threat to public safety.  To the extent practicable, the Forest Service should notify counsel for the Plaintiffs prior to undertaking such emergency maintenance/reconstruction and, in any event shall provide such information to Plaintiffs' counsel and the court within two (2) business days after commencing such emergency maintenance/reconstruction.

8.  The court retains jurisdiction to enforce or modify the terms of this final judgment upon such notice and hearing as may be necessary or appropriate under the circumstances.

DATED at Anchorage, Alaska, this 8th day of February, 2007.


                                            s/John W. Sedwick  
                                            JOHN W. SEDWICK  
                                            UNITED STATES DISTRICT JUDGE